JAMES T. SCARFF, RESPONDENT, *v.* B. F. METCALF AND JOHN E. YATES, APPELLANTS, IMPLEADED WITH OTHERS.

*Captain of a vessel — when his acts are those of its owners — duty of a captain to provide medical attendance for a disabled seaman — measure of the damages which can be recovered for his neglect so to do.*

This action was brought by the plaintiff against the owners of a vessel, one of whom was the captain thereof, to recover damages sustained by the plaintiff while serving as first mate, by reason of the failure of the captain to provide

him with proper medical care and treatment while suffering from an injury. Upon the trial it appeared that the captain had an agreement with the owners, by which he was to sail the vessel on shares; he to have one-half the gross earnings and to pay therefrom for the victualing, manning and tonnage of the vessel.

*Held,* that the court properly charged the jury that the acts of the captain were to be treated as the acts of the owners.

The plaintiff received an injury, while in the discharge of his duty, which caused an aneurism to be developed in one of the arteries of his leg, while at a port in Cuba. There was no hospital at the port, but there was one at a town of the same name some miles distant from it. A doctor, called to examine the plaintiff, told the captain that a surgical operation was necessary and asked him to send the plaintiff to the hospital. Upon his refusal to do so, he was told that it would be unsafe to take the plaintiff to New York unless he could arrive there in twelve days. He still refused to send the plaintiff to the hospital, and, after a voyage of twenty days, brought him to New York where his leg had to be amputated.

*Held,* that the act of the captain was wrongful, and that the owners were liable for the damages thereby occasioned to the plaintiff.

That the measure of his damages was not the amount of his wages for the time he was sick, but the actual damages sustained by him from the injury.

APPEAL from a judgment in favor of the plaintiff, entered on the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The plaintiff was first mate of the bark "Hattie G. Dixon," on a voyage from New York to Sagua La Grande, Cuba. The defendant Metcalf was a part owner of the vessel, and the defendant Yates was her master as well as one of the part owners. The plaintiff claimed to have received an injury, while in the service of the vessel, to his right leg, which developed into an aneurism of the popliteal artery, and finally rendered amputation necessary. This action was brought to recover damages for the alleged neglect of the defendant Yates, as master of the vessel, to provide the plaintiff with proper medical care and treatment while suffering from the injury. There was no hospital at the port of Sagua La Grande, but there was one at the city of that name some sixteen or seventeen miles inland.

*Joseph A. Shoudy,* for the appellants.

*William Sullivan,* for the respondent.

BARNARD, P. J. :

There was no error in the declaration by the judge in his charge to the jury, that the acts of the captain were the acts of the owners. Conceding that there may be such a charter made by the owners to the captain as will make the captain an independent actor in respect to the ship, the evidence does not show it.

" I had an agreement with the owners to sail freight on what is known as shares, that is, I to have half the gross stock of earnings of the vessel and pay for the victualing and manning of the vessel and pay the tonnage out of my part of the earnings. Under this agreement the captain had bought the supplies and hired the men. It was an arrangement for compensation of captain and crew by the owners. There is no appearance of an independent command. He was the owners' captain with power to hire his own crew, but the vessel and her owners were never without liability to them for their wages. There was no period, but a letting of an owner on shares." (Kenzel v. Kirk, 37 Barb., 113.)

This is especially so when the seamen shipped in ignorance of any agreement between the captain and the owners. The question of the duty of the captain is well settled. It is the imperative duty of the captain or master, if he knows of the seaman's danger and how to remedy it, to procure such treatment as will restore the seaman on land or on shipboard. With this rule of duty the case is an extreme one against the master. The seaman had an aneurism in the leg. At first the captain supposed the difficulty would yield to ship treatment. A doctor was called in and he was told it needed a surgical operation to restore the plaintiff. He asked the captain to send him to a hospital at Sagua La Grande, where the vessel was and where there was a hospital. The captain refused. He was told it would not be safe to take the plaintiff to New York unless he could arrive at that port in twelve days. The captain still refused to send the plaintiff to the hospital or to permit him to see the United States consul. It was twenty-seven days before he arrived at New York, and then it was too late. The plaintiff lost his leg by necessary amputation. When the master refused the plaintiff's requests the plaintiff was helpless in his birth on shipboard. Certainly the master failed in his duty. The resulting damages followed of course. If the plaintiff had gone to the hospital and been cured,

the damages would have been the cost of the cure. When a helpless man is suffered to lose his leg, it would be no measure of compensation, based on reason, to give wages only while he was sick. The plaintiff had the right to protection from sickness and disease, and he was dependent for this protection upon the sole power of the master. The non-performance of the obligation was a tort so far as to entitle the plaintiff to compensation for the injury which resulted therefrom.

The verdict is not excessive and the judgment should be affirmed, with costs.

PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.